**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action NO. 07-cv-00774-DME-MEH

DAVID J. PETERSON,

    Applicant,

v.

HARLEY LAPPIN, DIRECTOR, BUREAU OF PRISONS

    Respondent.

---

**ORDER**

---

THIS MATTER is before the court on applicant David J. Peterson's Pro Se Petition for Writ of Habeas Corpus, Pursuant to Title 28 U.S.C.S. § 2241 ("Habeas Application") and Pro Se Petition to be Released Pending Decision Concerning 28 U.S.C.S. § 2241 Petition ("Petition for Release").[1]

The court has been informed by respondent Director Lappin that Mr. Peterson was released from custody of the Bureau of Prisons ("BOP") on May 29, 2007, via "Full Term Release." Thus, Mr. Peterson's Petition for Release — which sought only "release[] from imprisonment pending a decision" on his Habeas Application — is now moot, as all of the relief he sought in this petition has been achieved. See Boyce v.

---

[1] Mr. Peterson also filed a Pro Se Petition to Supplement Title 28 U.S.C.S. 2241 Petition, which we grant. The documentation submitted with this petition is considered in our discussion *infra*.

Ashcroft, 268 F.3d 953, 954 (10th Cir. 2001) (holding that prisoner's petition seeking transfer to another prison was moot after the BOP granted "precisely the relief which his petition requested").

Mr. Peterson's Habeas Application, however, seeks credit for time he spent in prison prior to his federal sentence and, consequently, seeks an adjustment of his release date.  Mr. Peterson's federal sentence imposed a 36-month term of supervised release upon completion of his 18-month term of imprisonment.  Because the duration of this term of supervised release could be affected by a favorable decision on the merits of his Habeas Application, Mr. Peterson's application is not moot.  See United States v. Castro-Rocha, 323 F.3d 846, 847 n.1 (10th Cir. 2003) ("[A] defendant's unexpired term of supervised release, which could be reduced by a favorable appellate decision, is sufficient to defeat a claim of mootness.").

Nevertheless, we are constrained to deny Mr. Peterson's Habeas Application on another procedural ground: failure to exhaust his administrative remedies.  It is a "general requirement that a petitioner under § 2241 must exhaust available state remedies," a "requirement [that] extends to the exhaustion of administrative remedies as well."  Dulworth v. Evans, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (emphasis in original); accord Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).  This requirement may be excused only where "it is affirmatively shown that resort to [administrative remedies] would be useless.  Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP has established an Administrative Remedy Program that defines the requirements for exhaustion of administrative remedies by federal prisoners.  28 C.F.R.

§§ 542.10(a), (b); see Kikumura v. Osagie, 461 F.3d 1269, 1281 (10th Cir. 2006). This program requires prisoners to file an Administrative Remedy Request with the Warden of the prison, followed by appeal to the BOP's Regional Director and, if the issue has not yet been resolved, a "final administrative appeal" to the BOP's General Counsel. 28 C.F.R. §§ 542.14, 542.15. A federal prisoner "has no alternative but to comply" with this procedure prior to filing for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).

The available record here indicates that Mr. Peterson filed the instant Habeas Application without complying with the administrative remedies provided pursuant to the Administrative Remedy Program. Documents submitted by Director Lappin indicate that Mr. Peterson filed, and received a substantive response to, an administrative request regarding the instant issue submitted pursuant to the Administrative Remedy Program *after* having filed this Habeas Application. There is no evidence that Mr. Peterson has ever appealed to the BOP's General Counsel, the "final administrative appeal" in the Program. 28 C.F.R. § 542.15(a). Mr. Peterson has also not provided any reason to believe that following through with the available administrative appeals process would have been useless or futile; merely having his initial requests denied is certainly not a sufficient reason to waive the requirement of exhausting available administrative appeals. Accordingly, we must dismiss this Habeas Application.

It is therefore ORDERED that the Petition to be Released is DISMISSED as moot and the Application for a Writ of Habeas Corpus is DISMISSED, without prejudice, for failure to exhaust available administrative remedies.

DATED: August 14, 2007

                                                        BY THE COURT:

                                                        *s/ David M. Ebel*
                                                        _____
                                                        David M. Ebel
                                                       United States Circuit Judge